UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-81526-ROSENBERG/REINHART

INTERNATIONAL TURBINE
INDUSTRIES, LLC,

   Plaintiff,

v.

RELIABLE JET
MAINTENANCE, LLC,

   Defendant.
_____/

# ORDER DENYING PLAINTIFF'S EXPEDITED MOTION
# FOR ISSUANCE OF A PREJUDGMENT WRIT OF REPLEVIN

This cause is before the Court on Plaintiff's Expedited Motion for Issuance of a Prejudgment Writ of Replevin [DE 17]. The Court has carefully considered the Motion, Defendant's Response in Opposition thereto [DE 20], and Plaintiff's Reply [DE 21], and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Expedited Motion for Issuance of a Prejudgment Writ of Replevin [DE 17] is **DENIED**.

Under Florida law, a "person whose personal property is wrongfully detained by any other person or officer may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention." Fla. Stat. § 78.01; *see also* Fed. R. Civ. P. 64(a) (stating that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment"). A court may issue a prejudgment writ of replevin if the court finds

> that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent

purchaser during the pendency of the action or that the defendant has failed to make payment as agreed.

Fla. Stat. § 78.068(2). The "gist" of a replevin action is the wrongful detention of property and the plaintiff's right to immediate possession. *Future Tech Int'l, Inc. v. Tae Il Media, Ltd.*, 944 F. Supp. 1538, 1547-48 (S.D. Fla. 1996) (quotation marks omitted) (applying Florida law); *see also Wisniewski v. Historical Ass'n of S. Fla., Inc.*, 408 So. 2d 746, 747 (Fla. 3d Dist. Ct. App. 1982) (stating that the right of immediate possession is the question to be determined in a replevin action).

Here, the record reflects that Defendant has recorded a lien on Plaintiff's property at issue, two Honeywall Model TFE731 aircraft engines, serial numbers P89219 and P99339C, for labor or services that Defendant performed on the engines and on a third-party's aircraft. *See* DE 20-1; DE 20-2; DE 20-3 at 2; *see also* Fla. Stat. §§ 713.50, .58(1) (providing for a lien "[i]n favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed"). That lien presently is the subject of a foreclosure action in state court. *See* DE 20-2; DE 20-3 at 2. If the lien is valid, Defendant has a possessory right to the property, and the lien is extinguished if Defendant releases, relinquishes, or loses possession of the property. *See* Fla. Stat. § 713.58(3); *see also Commercial Jet, Inc. v. U.S. Bank, N.A.*, 45 So. 3d 887, 888 (Fla. 3d Dist. Ct. App. 2010) (stating that "the lien right afforded by section 713.58 is possessory in nature" and that the "lien exists only as long as the person entitled to the lien retains possession of the property upon which the lien is claimed").

Plaintiff challenges the validity of Defendant's lien. DE 21 at 8-9. The Court concludes that the validity and enforceability of Defendant's state lien is a matter to be litigated in state court, and not by this Court upon an expedited motion with a limited record. Based on the

existing record, the Court cannot conclude that Defendant may be wrongfully detaining the property. The Court declines to issue a prejudgment writ of replevin.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Expedited Motion for Issuance of a Prejudgment Writ of Replevin [DE 17] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 19th day of December, 2018.

*/s/ Robin L. Rosenberg*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record